# Bynum *v.* Hewlett.

## Statutory Action of Ejectment.

1. *Action of ejectment; admissibility of deed in evidence.*—In an action of ejectment, where the plaintiff claims as purchaser at a sheriff's sale under execution, a deed which had been found among the papers of a third person, is not admissible in evidence, where the grantor testifies that he never exe-

[Bynum v. Hewlett.]

cuted the deed to the grantee in said writing, nor was there any evidence of any delivery of said deed sought to be introduced in evidence by the person who was in possession at the time of the sale, or to any one for him.

2. *Same; admissibility of sheriff's deed and orders of court.*—In an action of ejectment, where the defendant claims as purchaser at a sheriff's sale under execution, but there is nothing to show against whom the judgment or the order of execution was, or whose title the sheriff's deed purported to convey, neither the sheriff's deed, the judgment, order of sale, nor the execution are admissible in evidence.

3. *Adverse possession; what must be shown, to ripen into title.*— For adverse possession to ripen into title, it must be shown among other things that the possession was by acts calculated to put the true owner on notice of the adverse holding, so as, to raise the presumption that the owner acquiesced in such holding; and for this purpose the removal of a portion of the house from the premises, or the filling up of ditches on one or two occasions, and the payment of taxes are not sufficient.

APPEAL from the Circuit Court of Jackson. Tried before the Hon. J. A. BILBRO.

This was a statutory real action in the nature of ejectment, brought by the appellee, Wiley Hewlett, against the appellant, R. H. Bynum, to recover possession of a certain lot of land in the town of Scottsboro. Issue was joined on the plea of the general issue.

The title set up to the property by each of the defendants and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently shown in the opinion.

The defendant separately excepted to a portion of the court's oral charge to the jury, and under the opinion on the present appeal it is unnecessary to set out this portion of the charge at length.

The court at the request of the plaintiff gave to the jury the following written charge: "If the jury believe the evidence they must find for the plaintiff." To the giving of this charge defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the several

[Bynum v. Hewlett.]

rulings of the trial court to which exceptions were reserved.

TALLY & HOGKWORTH, for appellant, cited, 1 Brick. Dig. 630, §§ 175-76; *Goodson v. Brothers,* 111 Ala. 589.

J. E. BROWN, *contra.*—On adverse possession.— Newell on Ejectment, p. 723; *Hawkins v. Hudson,* 45 Ala. 482; *Potts v. Coleman,* 67 Ala. 221; *Bell v. Denson,* 56 Ala. 444; *Rivers v. Thompson,* 46 Ala. 335; *Bernstein v. Humes,* 71 Ala. 260.

SHARPE, J.—In the record there is evidence which though secondary in character, was admitted without objection and which establishes that in 1875 the lot in controversy was owned by Orin Hill, that about the year 1899 Orin Hill executed a deed to the lot in favor of Adolphus Hill, who about that time sold the same to plaintiff and executed a deed therefor to the plaintiff. There is also evidence tending to establish the following: About the year 1877, or prior thereto, Orin Hill bargained to sell the lot to Griffin. Griffin never paid the purchase money but he entered into possession of the lot and commenced to build a house on it. At a sheriff's sale defendant and Brooks bought the lot and received the sheriff's deed for it in 1877, and then defendant got possession of the lot from Griffin, and removed therefrom what the latter had erected there in the process of commencing the house. Thereafter the lot remained vacant and uninclosed until shortly after plaintiff bought, when he enclosed and made a crop on the same. Defendant took the crop and claimed and remained in possession of the lot. Before plaintiff enclosed the lot defendant filled some ditches on it, at one time with brush, and at another time with old cross ties. He has paid taxes on the property though for what period there is no definite evidence. There is evidence conflicting with plaintiff's tending to show that upon being informed of defendant's claim to the property plaintiff consented to surrender the same to him and received from Adolphus Hill partial

[Bynum v. Hewlett.]

reimbursement for what he had paid the latter as purchase money.

On the trial defendant offered as evidence and the court excluded, a writing purporting to be a deed to the lot from Orin Hill to Griffin which had been found among the papers of Mr. Skelton, deceased. Orin Hill testified that he never made a deed to Griffin, and there was no evidence of any delivery of the writing to Griffin, or to any one for him; therefore the exclusion of this writing was proper.

Defendant offered as evidence the sheriff's deed and as the bill of exceptions recites, "the judgment, order of sale and execution under which said lot was sold by the sheriff and bought by said Brooks and Bynum" all of which the court excluded.

There is nothing to show who the judgment or the order or the execution was against, or whose title the sheriff's deed purported to convey. Therefore it can not be seen that either the judgment, order or execution had any bearing on the question of title or of the right of possession as between these parties. If the evidence had been such as to warrant an inference that defendant had held possession of the property for ten years, the sheriff's deed against whoever executed might, in connection with such evidence, have been admissible to show color of title and as strengthening the defendant's claim of title by adverse possession. But we are of opinion that the dominion defendant has exercised over the lot has not according to any tendency of the evidence been such as could constitute title by adverse holding, whatever may have been the claim or intention by which the acts of dominion were accompanied. It is true as held in *Goodson v. Brothers*, 111 Ala. 589, that possession may be adverse when it is such as the land reasonably admits of, and may be so without enclosure, cultivation, or residence upon the land; but it is also true that to ripen into title, the possession must be by acts calculated to put the true owner on notice of the adverse holding so as to raise the presumption that he has acquiesced in such hold-

ing.—*Lucy v. Tennessee etc.· Co.,* 92 Ala. 246; *Eureka Co. v. Norment,* 104 Ala. 625. For that purpose, the removal of a portion of a house, the filling of ditches on two occasions, and the payment of taxes are not sufficient. As supporting this conclusion see *Elyton Land Co. v. Denny,* 108 Ala. 553; *Reddick v. Long,* 124 Ala. 260.

The deeds under which plaintiff held showed *prima facie* he had title. His consent, if given, for defendant to take possession of the property did not divest him of title or affect his right to regain possession by this action. The evidence wholly failing to sustain the defense attempted, the court did not err in giving the written charge requested by the plaintiff. If there was error in the part of the oral charge excepted to, it was without injury to defendant.

Judgment affirmed.