(104 So. 500)

STUCK et al. v. HOWARD.  (2 Div. 870.)

(Supreme Court of Alabama. May 14, 1925.)

**1. Wills 94—Statute requiring will in "writing" construed.**

Under Code 1907, § 6172 (Code 1923, § 10598), requiring will to be in writing, signed by testator, and subscribed by at least two subscribing witnesses in his presence, each of whom must attest the signing of the instrument by the testator, "writing" includes printing on paper, or part writing and printing, or part typewritten and part written, in view of Code 1907, § 1.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Write—Writing.]

**2. Wills 293(1)—Testimony as to filling in by witness of blank date for testator held relevant as showing completion of instrument.**

Testimony of witness, as to his filling in blank date for testator at latter's request, *held* relevant as showing completion of instrument for signing and as identifying the instrument offered for probate.

**3. Wills 94—Instrument, partly typewritten and partly written, complies with statutory requirement instrument must be in writing.**

Instrument, partly typewritten and partly written, complies with statutory requirement (Code 1907, § 6172 [Code 1923, § 10598]) instrument must be in writing, in view of Code 1907, § 1.

**4. Wills 294—Permitting nonsubscribing attesting witness to testify he saw testator sign his name to instrument held not error.**

Permitting nonsubscribing attesting witness to testify he saw testator sign his name to instrument *held* not error.

**5. Wills 294—Reception, in behalf of proponents, of testimony of nonsubscribing nonattesting witnesses as to genuineness of testator's signature on instrument, held not error.**

Reception, in behalf of proponents, of testimony of nonsubscribing nonattesting witnesses that they knew the handwriting and signature of testator, and that his name appearing on the instrument offered for probate was in his genuine handwriting and signature, *held* not error.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Wills** ⬅⟹294—**Signing of will by testator may be proved by facts and circumstances other than testimony of witnesses signing as such.**

The signing of a will by testator may be proved by facts and circumstances other than the testimony of the two witnesses who signed their names to it as witnesses.

**7. Wills** ⬅⟹302(1)—**Evidence held fully to prove testator signed instrument purporting to be his will.**

Evidence *held* fully to prove testator signed instrument purporting to be his will.

**8. Wills** ⬅⟹302(1)—**Evidence held to justify jury to conclude two witnesses subscribed their names to instrument as witnesses in presence of testator.**

Evidence *held* to justify jury to conclude two witnesses subscribed their names to instrument as witnesses in presence of testator.

**9. Wills** ⬅⟹114—**When a witness is an "attesting subscribing witness" stated.**

A witness is a "subscribing attesting witness," within Code 1907, § 6172, when he sees testator sign his name on the will, or sees testator's name on it, and has his acknowledgment that he (testator) signed the will before or at the time the witness subscribed his name to it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Attesting Witness.]

**10. Wills** ⬅⟹293(1)—**How proof of acknowledgment by testator to subscribing witnesses of his signing instrument may be shown stated.**

Proof of acknowledgment by the testator to the subscribing witnesses of his signing the instrument may be made and shown by, or inferred from, his words to them, his acts, his conduct, and the circumstances surrounding them and him at the time of the subscribing.

**11. Wills** ⬅⟹118—**What is and is not necessary to constitute "acknowledgment" of testator that he signed his name to will stated.**

In order to establish that the testator acknowledged to the subscribing witnesses that he signed the instrument, the testator must make known in some manner that his (testator's) name appearing on the instrument was signed by him, but no formal words or acts are necessary to constitute such "acknowledgment."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acknowledge—Acknowledgment.]

**12. Wills** ⬅⟹294—**Testimony, evidencing intention of testator to have will properly signed, witnessed, and attested, held properly received, in view of unsatisfactory testimony of subscribing witnesses.**

Where fact that subscribing witnesses were living precluded proof of will by handwriting of testator and witness pursuant to Code 1907, §§ 6185, 6186, and such witnesses testified that they did not see testator's name on instrument which they, by him, were requested to sign, and that they did not receive testator's ac-

knowledgment that he signed instrument, court did not err in allowing attesting but nonsubscribing witness to testify as to things evidencing intention of testator to have will properly signed, witnessed, and attested; the will otherwise appearing on its face to have been properly executed.

**13. Wills** ⬅⟹302(1)—**What proof justifies inference subscribing witnesses were attesting subscribing witnesses within meaning of statute stated.**

In a will contest, testimony that the will offered for probate is in writing, that the name of the testator in his handwriting is at the bottom, at the usual place of signing such instruments, that the names of two persons are subscribed in their respective handwritings on it under the words "executed in the presence of," and that each witness signed his name on it in the presence of testator, *held* to justify court or jury trying issue to infer that each of the two persons was a subscribing witness to the will, that each of them saw the testator sign his name to the will, or that each of them saw his name on the will, and that the testator acknowledged to them that it was signed by him before or at the time they subscribed their names to it.

**14. Wills** ⬅⟹289—**What a person certifies to when he writes his name as witness to will stated.**

A person who writes his name to an instrument at the request of testator and in his presence, under the words "executed in the presence of" or other equivalent phrase, impliedly certified thereby that he saw testator sign his (testator's) name to the instrument, or that he saw name of testator on it, and that testator acknowledged that it was his (testator's) signature.

**15. Wills** ⬅⟹303(7)—**Testimony of subscribing witnesses as to fact of nonattestation of testator's signature reflects on their credibility.**

Testimony of subscribing witnesses as to fact of nonattestation of testator's signature reflects on their credibility, because such testimony contradicts the written evidence given by their signatures during the life of, and in the presence of, the testator.

**16. Wills** ⬅⟹302(1)—**Evidence held to justify jury to conclude each subscribing witness attested signing of instrument by testator.**

Evidence *held* to justify jury to conclude each subscribing witness attested signing of instrument by testator.

**17. Wills** ⬅⟹298—**Admitting will in evidence held not error.**

Admitting will in evidence *held* not error.

**18. Wills** ⬅⟹324(4)—**Whether two subscribing witnesses each saw name of testator on will, and received testator's acknowledgment he signed will, held for jury under conflicting testimony.**

Whether two persons, who signed their names on the will under the words "executed in the presence of," each saw the name of the testator on the will, and had an acknowledg-

ment from testator that he signed it before or at the time each witness signed his name to it, *held* for jury under conflicting evidence, so that neither proponent nor contestants were entitled to the general affirmative charge.

**19. Wills ⊂⇒302(1)—When will as found must be maintained stated.**

. In a will contest, if any theory consistent with the validity of the will can be suggested, which appears to court or jury trying issue to be as probable as the theory on which the argument for invalidity is based, the will as found must be maintained, in order to safeguard the due execution of the will so far as statute (Code 1907, § 6172) permits, from forgetful, corrupt, or false attesting and subscribing witnesses.

**20. Wills ⊂⇒331(1)—Refusal to charge as to fact of nonexecution of will, in event testator did not acknowledge signature to subscribing witnesses, held reversible error.**

Refusal to charge that, if testator did not sign alleged will in presence of the subscribing witnesses and did not acknowledge his signature to them, jury must find issue in favor of contestants, *held* reversible error under the evidence.

Appeal from Probate Court, Hale County; D. B. Borden, Judge.

Application of Pearl Howard, to probate an instrument as the last will of R. N. Ervin, deceased, and contest by Elizabeth Stuck and others. From a decree for proponent, contestants, appeal. Reversed and remanded.

Craig & Craig and Craig & Brown, all of Selma, for appellants.

A will must be executed in accordance with statutory requirements, or it is entirely void. The will in question was not admissible in evidence, and there was also error in the giving of the affirmative charge for proponent and the refusal of charge 1 for contestants. Code 1923, § 10598; Woodroof v. Hundley, 133 Ala. 395, 32 So. 570; Elston v. Price, 210 Ala. 579, 98 So. 573; 40 Cyc. 1097; Tilton v. Daniels, 79 N. H. 368, 109 A. 145, 8 A. L. R. 1073; Barnewall v. Murrell, 108 Ala. 381, 18 So. 831; Limbach v. Bolin, 169 Ky. 204, 183 S. W. 495, L. R. A. 1916D, 1059; Albert v. Stafford, 123 Va. 338, 96 S. E. 761; In re Williams' Will, 50 Mont. 142, 145 P. 957; In re Herring's Will, 152 N. C. 258, 67 S. E. 570; In re Roe, 82 Misc. Rep. 565, 143 N. Y. S. 999.

Thos. E. Knight and A. M. Tunstall, both of Greensboro, and Jones, Jones & Van de Graaff, of Tuscaloosa, for appellee.

It is not necessary that the witnesses be present when the testator subscribes his name, nor that the testator state to them that it is his will. Code 1923, § 10598; Ritchey v. Jones, 210 Ala. 204, 994 So. 736; Hoffman v. Hoffman, 26 Ala. 535; Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am. St. Rep. 145; Woodcock v. McDonald, 30 Ala. 411; Moore v. Spier, 80 Ala. 291; 2 Greenleaf on Evi. (16th Ed.) § 676; Goldsmith v. Gates, 205 Ala. 632, 88 So. 681; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Garrett v. Heflin, 98 Ala. 615, 13 So. 326, 39 Am. St. Rep. 89; Leverett v. Carlisle, 19 Ala. 80; 1 Jarman on Wills, 71, 80; Gould v. Chicago, etc., 189 Ill. 282, 59 N. E. 536; Osborn v. Cook, 11 Cush. (Mass.) 532, 59 Am. Dec. 155; White v. Trustees, 6 Bing. 310; Logwood v. Hussey, 60 Ala. 417; Will of Meurer, 44 Wis. 401, 28 Am. Rep. 591. Testator's request that witnesses should attest and subscribe his will may be inferred from his acts and conduct. Coffin v. Coffin, 23 N. Y. 9, 80 Am. Dec. 235; Nelson v. McGiffert, 3 Barb. Ch. (N. Y.) 158, 49 Am. Dec. 170; Trustees v. Calhoun, 25 N. Y. 424. The testimony of subscribing witnesses is not the only evidence by which due execution of a will may be proven. Massey v. Reynolds (Ala. Sup.) 104 So. 494;[1] Hall v. Hall, 38 Ala. 131; Snider v. Burks, 84 Ala. 53, 4 So. 225; Ritchey v. Jones, 210 Ala. 204, 97 So. 736; Allen v. Scruggs, 190 Ala. 654, 67 So. 301; Montgomery v. Perkins, 2 Metc. (Ky.) 448, 74 Am. Dec. 419.

This case was submitted under Supreme Court rule 46, and the opinion of the court was prepared by Mr. Justice MILLER:

This is a contest of an application to probate an instrument as the last will and testament of R. N. Ervin, who died on March 27, 1924, an inhabitant of Hale county, Ala. He had about reached in age the three score years and ten. Pearl Howard, his cousin, named as executrix and as a devisee in the instrument, makes this application to have it probated. Elizabeth Stuck and others, next of kin of decedent, instituted this contest. The grounds of contest were: The proposed instrument is not the will of R. N. Ervin; it was not executed by R. N. Ervin as provided by law; it was not attested; it was not signed by R. N. Ervin and his signature attested by two witnesses, as required by law.

The issue was tried in the probate court by a jury. They returned a verdict in favor of the proponent; and, from a judgment thereon by the court, this appeal is prosecuted by the contestants.

That part of our statute (section 6172, Code 1907, and section 10598, Code 1923), applicable to the different phases of the testimony introduced on the issues in this contest, reads as follows:

"No will is effectual to pass real or personal property * * * unless the same is in writing, signed by the testator * * * and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator."

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 178.

[1] This instrument, offered for probate as a will, to be effectual to pass real or personal property must comply with this statute, and, in order to do so, it must be (1) in writing; (2) signed by the testator, R. N. Ervin; (3) at least two witnesses must subscribe their names thereto in the presence of the testator; and (4) each of these subscribing witnesses must attest the signing of the instrument by the testator.

[2, 3] Is this will in writing? Writing includes printing on paper; and writing includes part writing and part printing or part typewritten and part written. Section 1, Code 1907; Johnson v. State, 69 Ala. 593. The original instrument is before us. This entire instrument in its body is typewritten, except the date—the day of signing. R. N. Ervin requested and instructed his attorney to prepare it, and the attorney complied with his request, under his instructions, and it was mailed to him by his said attorney with letter as to how it should be executed. The court properly permitted C. P. Johnson to testify "that R. N. Ervin told me to put the day of the month there, and the '30th' was put there by me in my handwriting at Mr. Ervin's request." This filled in the blank place in ink in the instrument. This testimony was relevant. It tended to show a completion of it for signing at testator's request, and tends to identify the instrument offered for probate. Barnewall v. Murrell, 108 Ala. 375, 380, 18 So. 831; Woodroof v. Hundley, 133 Ala. 395, 32 So. 570. The evidence without conflict shows the instrument is partly typewritten and partly written, which complies with the first requisite of the statute that it must be in writing.

[4-7] Was this written instrument signed by R. N. Ervin, the testator? Did he write his name on it? This is the second requisite of the statute as applicable to this contest. This same witness (Johnson) was allowed, without error, by the court to testify that, after he inserted the figures and letters "30th" in the instrument, "Mr. Ervin [the testator] took my fountain pen and signed his name thereto [meaning this instrument]. Yes, sir; he signed his name. I saw him sign his name." Johnson was an attesting, but not a subscribing, witness to the signing of the will by the testator. He saw R. N. Ervin write his name to the instrument, but he did not subscribe his name to the instrument as a witness. The court without error permitted the proponent to show by other witnesses that they knew the handwriting and signature of R. N. Ervin, and that his name appearing on this instrument was in his genuine handwriting and signature. The names of F. L. Allen, and B. L. Allen, Jr., appear on the instrument as subscribing witnesses. They had each previously testified their names were written by them, respectively, on this instrument, and each also testified that he did not see R. N. Ervin sign his name to it, and did not see his name on it, and Ervin did not acknowledge to them that he had signed his name on it. This testimony of these two witnesses made it clearly competent and relevant, and probably necessary for the proponent to prove by Johnson that he saw the testator sign this instrument, and by others that his name as written thereon was his genuine signature in his handwriting. The signing of the will by the testator may be proven by facts and circumstances other than the testimony of the two witnesses who sign their names to it as witnesses. Allen v. Scruggs, 190 Ala. 654, 67 So. 301; Ritchie v. Jones, 210 Ala. 205, 97 So. 736; Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am. St. Rep. 145; Barnewall v. Murrell, 108 Ala. 381, 18 So. 831. It is evident and without dispute from the testimony of Johnson and others, that the testator signed this will, and did so before the names of the two witnesses mentioned subscribed their names to the instrument. The second requisite of the statute—that the will must be signed by the testator—was complied with and fully proven by the evidence.

[8] Was there proof to sustain the third requisite of the statute? To do so, there must be at least two witnesses, who must subscribe their names to the will in the presence of the testator. Did two witnesses write their names—subscribe their names—to this will in the presence of the testator? There are two names, F. L. Allen and B. L. Allen, Jr., written on the will. Each of these men was examined, and each admitted, testified, that he subscribed his name on this instrument. Each did it at the request of the testator, and each signed his name on it in the presence of the testator. Their names were written by them respectively on this instrument underneath the following typewritten words: "Executed in the presence of." Each wrote his name there on the dotted line in the presence of the testator. Yet they testified they did not see these words or any words or writing on it. No testimony indicates they could not see. It does not appear that either was blind. The name of each was written underneath those words, and each wrote his own name. One name appears less than one-eighth of an inch, and the other less than three-fourths of an inch from those words. The jury, from the evidence and the instrument, the will, could reasonably infer and conclude that there was a compliance with this third requisite of the statute that the two witnesses (F. L. Allen and B. L. Allen, Jr.) subscribed their names to this instrument as witnesses in the presence of the testator. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Riley v. Riley, 36 Ala. 496; Elston v. Price, 210 Ala. 579, 98 So. 573; Massey v. Reynolds, 104 So. 494.[1]

---

[1] Ante, p. 178.

[9] Did the proponent meet by proof the fourth requisite of the statute? Did each of these subscribing witnesses to the will attest the signing of the will by the testator? As heretofore shown, there was evidence indicating that these two persons were each subscribing witnesses to the will; each signed his name to it in the presence of the testator; but was each of them an attesting witness to the signing of the will by the testator? This is the fourth requisite of the statute. In order for each of these witnesses to attest the signing of this will by the testator, each must see the testator sign his name on it, or each must see the testator's name on it, and have his acknowledgment that he signed it before or at the time the witnesses subscribed their names to it. Elston v. Price, 210 Ala. 579, 98 So. 573; Ritchey v. Jones, 210 Ala. 204, 97 So. 736; Massey v. Reynolds, 104 So. 494.[1]

[10, 11] It is clear, from the evidence heretofore shown, that the testator signed the instrument at his home before going to see the two witnesses. Did these two witnesses each see his name to the will, and have his acknowledgment that he signed it before or at the time it was subscribed to by each of them? This proof was necessary, as they did not see the testator sign it. Proof of acknowledgment by the testator to the subscribing witnesses of his signing the instrument may be made and shown by, or inferred from, his words to them, his acts, his conduct, and the circumstances surrounding them and him at the time of the subscribing. No formal words or acts are necessary. The testator must make known in some manner to them that it was signed by him—that his name appearing on it was signed by him. Elston v. Price, 210 Ala. 579, 98 So. 573; Massey v. Reynolds, 104 So. 494;[1] Nelson v. McGiffert, 3 Barb. Ch. 158, 49 Am. Dec. 170; Wright v. Sanderson, 9 L. R. P. D. 149; In re Herring's Will, 152 N. C. 258, 67 S. E. 570; and authorities supra.

[12] If these two subscribing witnesses were dead, then this will could be proved "by the proof of the handwriting of the testator, and that of at least one of the witnesses to the will." Sections 6185 and 6186, Code 1907; Riley v. Riley, 36 Ala. 496. But they are alive. They were each examined. They each testify, in substance, that they signed it at the request of, and in the presence of, the testator; they did not see him sign it; they did not see his name on it; he did not acknowledge to them that he had signed it; and it was so folded and held by the testator that they saw no writing or printing on it.

The testator was at his home when he signed his name to this instrument in the presence of Johnson. The two witnesses to the will lived some distance from him. He went from his home, after signing the instrument, to their father's home. In the light of the testimony of the witnesses to the will, the court did not err in allowing Johnson to testify that, after the testator signed the will, and just before leaving for home of the witnesses to the will, R. N. Ervin "told me [Johnson] that he wanted Bryant Allen, Sr., and myself to sign it as witnesses, but that I was looking badly at that time, and that Mr. Allen was older than he was, and he was afraid that we would die, and for that reason he was going over and get Bunk Allen and Frank Allen to sign as witnesses." This testimony was clearly competent. It throws light on the purpose and intent of the testator in signing the instrument and in having F. L. Allen and B. L. Allen, Jr., to subscribe their names where they appear on the will; that he intended for them to sign it as witnesses. C. P. Johnson also testified as follows:

"Now when Mr. Ervin left the house and stated that he was going over to the Allens to get Frank Allen and Bunk Allen to witness it, their names were not on it. I saw the paper afterwards. That same evening I returned to his home where I was stopping, and Mr. Ervin told me that he had the will signed, and he showed it to me, and the names of F. L. Allen and B. L. Allen, Jr., were there. Their names were to it. This part here was just as I left it when Mr. Ervin went over to the Allen's house. The only difference in the paper was that B. L. Allen, Jr.'s, and F. L. Allen's names were signed to it as witnesses."

Several days after the will was signed by the testator, and after the two persons had subscribed their names to it under the words, "executed in the presence of," the testator took the instrument to his attorney and showed it to him, and said, "Is this all right?" or, "Is it all right?" The attorney examined it and told the testator "that is a proper execution in due form." This testimony evidences an intention of the testator to have the will properly signed, witnessed, and attested. The instrument on its face appears as a will executed, attested, and subscribed in legal form.

[13-15] When there is testimony, as in this case, that the will is in writing, that the name of the testator in his handwriting is at the bottom at the usual place of signing such instruments, that the names of two persons are subscribed in their respective handwritings on it under the words "executed in the presence of," and each witness signed his name on it in the presence of the testator, then the court or jury trying the issue, from this proof, may with reason infer that each of the two persons was a subscribing witness to the will, that each of them saw the testator sign his name to the will, or that each of them saw his name on the will, and that the testator acknowledged to them that it was signed by him before or at the time they subscribed their names to it. When a person

---

[1] Ante, p. 178.

writes his name to an instrument at the request of the testator, and in his presence, under the words "executed in the presence of" or other equivalent phrase, as here shown, "he impliedly certifies thereby that he saw the testator sign his name to the instrument, or that he saw the name of the testator on it and the testator acknowledged that it was his signature." The subscribing witnesses can testify to the contrary, but their oral evidence in court-after the death of the testator contradicts the written evidence given by their signatures during the life of, and in the presence of, the testator on the instrument, and it reflects on the credibility of the witnesses. Wright v. Sanderson, 9 L. R. P. D., 149; Elston v. Price, 210 Ala. 579, 98 So. 573; Massey v. Reynolds, 104 So. 494;[1] and authorities there cited on this subject.

[16] It results that we must and do hold that there is evidence from which the jury could reasonably infer and conclude that each of the subscribing witnesses attested the signing of the instrument by the testator, which shows a compliance with the fourth requirement of the statute—if that evidence was believed by the jury.

It is possible that the testator could fold this instrument so no written or printed word or typewritten word could be seen by the subscribing witnesses; it is possible that this testator, an old man, would go from home to the home of these young men to secure their names as subscribing witnesses to his signing his last will and testament, and not tell them the purpose of their signatures, or his intent and purpose in looking for them, and in securing their signatures; and it is possible that these witnesses could write their names on dotted lines immediately under the words "executed in the presence of" and not see them and not see the name of the testator nearby—but these matters do not appear reasonable and probable from the original instrument, and from the circumstances surrounding him and them at the time they subscribed their names to the will.

[17] The court did not err in admitting in evidence the will. It was proper under the evidence for it to be seen by the jury and considered by them, in connection with all of the other evidence, to see if it was in writing, if it was signed by the testator, and if it was attested by at least two witnesses, and if they subscribed their names to it in the presence of the testator. Massey v. Reynolds, 104 So. 494.[1]

[18, 19] The court gave charge No. 1, which is the general affirmative charge with hypothesis, in favor of proponent, which she requested in writing. This was error. The court refused to give written charges numbered 2, 3, 4, and 5, requested by contestants in writing. They were general affirmative charges in different words in favor of contestants. In this there was no error. The evidence was in clear conflict as to whether or not the two persons who signed their names on the will, under the words "executed in the presence of," each saw the name of the testator on the will, and had an acknowledgment from the testator that he signed it before or at the time each witness signed his name to it. Under the conflicting evidence and its reasonable tendencies on this issue, neither the proponent nor the contestants were entitled to the general affirmative charge. It was a question for the jury to decide. In considering and deciding this issue from the conflicting evidence and its tendencies, the jury should be instructed by the court to remember and follow the rule as stated in Woodroof v. Hundley, 133 Ala. 402, 32 So. 570, which was also approved in Barnewall v. Murrell, 108 Ala. 366, 18 So. 831, which reads as follows:

"If any theory consistent with the validity of the will can be suggested, which appears to the court [or jury trying the issue] to be as probable as the theory, on which the argument for the invalidity is based, the will as found must be maintained."

A testator must be protected and safeguarded in the due execution of his will by the courts and juries, as far as the statute (section 6172, Code 1907) will permit, from forgetful or corrupt or false attesting and subscribing witnesses. Elston v. Price, 210 Ala. 579, 98 So. 573; Massey v. Reynolds, 104 So. 494;[1] Wright v. Sanderson, 9 L. R. P. D., 149; and authorities supra.

[20] The contestants requested the court to give to the jury the following written charge numbered 1:

"I charge you, gentlemen of the jury, that, if you believe from the evidence in this case that R. N. Eryin did not sign the alleged will in the presence of the subscribing witnesses and did not acknowledge his signature to them, then you must find the issue in favor of the contestants."

This charge states a correct principle of law applicable to this case as shown by this opinion, and it should have been given by the court. The two subscribing witnesses must see the testator sign his name to the instrument—this they did not do in this case, as the evidence without conflict shows; or there must be proof that each of the two subscribing witnesses saw his name on the instrument and had an acknowledgment from the testator that it was his signature. If the jury did not believe from the evidence that the testator acknowledged to the two subscribing witnesses that his name to the instrument was signed by him, then the statute was not complied with, and the issue should have been found by the jury in favor of the contestants, as this charge shows.

For the error in giving the general affirmative charge in favor of the proponent, and

---

[1] Ante, p. 178.

for the error in refusing the foregoing written charge numbered 1, requested by contestants, the decree will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, and BOULDIN, JJ., concur.

