(122 So. 29)

**REYNOLDS** et al. v. **MASSEY** et al.
(6 Div. 21.)

Supreme Court of Alabama. Jan. 31, 1929.

Rehearing Denied May 2, 1929.

See, also, 213 Ala. 178, 104 So. 494; 215 Ala. 402, 110 So. 705.

Harsh & Harsh, of Birmingham, for appellees.

McClellan & Stone and Ritter, Wynn & Carmichael, all of Birmingham, for appellants.

BROWN, J. This is the third appeal in this case. As will appear from the reports of the former appeals, the purpose of the pro-

ceeding is to probate the alleged will of Isham Eastis, deceased, propounded for probate by the appellees, and contested by appellants on the ground that the will was not executed in conformity with the statute, Code of 1923, § 10598.

It appears from the record, and is conceded in argument, that contestants offered no evidence, and that the issue was submitted and determined on the evidence adduced by the proponents. The first two trials resulted in denying the petition for probate. On the last trial the issue was determined in favor of the proponents, followed by a decree of the court admitting the will to probate.

It is not controverted that the evidence adduced on the last trial is, in substance, the same as that offered on the former trials. On the first appeal, it was held that "the burden of proof, in order to make out a prima facie case, rested on the proponent to offer some testimony showing the will was in writing, that it was signed by the testator, and that two persons subscribed their respective names to it as witnesses in the presence of the testator under the word 'witness.' *This proof was clearly made by the proponent, which made out a plain prima facie case, and it entitled the instrument to be, not only introduced in evidence, but admitted to probate,* unless the contestants then by evidence can satisfy the court or jury that the testator had not signed the instrument when the two witnesses subscribed their names to it, or, if he had then signed it, that each subscribing witness did not attest it; that is, each witness did not see him sign it, and each witness did not see the name of the testator on the instrument and have his acknowledgment that it was his signature before or at the time it was subscribed to by each of them. * * * No particular form of words of the testator is necessary in his acknowledgment to the subscribing witnesses that the name on the instrument is his signature. It may appear to them and be proved by his words, or by his acts, or by the circumstances surrounding him and them at the time of the subscribing, or it may appear to them and be proved by a combination of all three—his words, his acts, and the circumstances surrounding them. * * * *The proponents met this burden of proof, made out a prima facie case as to the due execution of the instrument by the decedent as his last will and testament,* and the court erred in not admitting it in evidence. * * * This court cannot discuss and determine from this evidence whether the will should be admitted to probate or not, because the bill of exceptions fails to state it contains all, or the substance of all, of the evidence before the trial court. All of the evidence is not before us. This cause was heard by the probate court without a jury, and, when the bill of exceptions does not purport to set out all or the substance of all the evidence, this court cannot review and revise the trial court on the facts, but will presume on appeal that there was sufficient evidence to sustain the decree rendered." (Italics supplied.) Massey et al. v. Reynolds et al., 213 Ala. 178, 104 So. 494.

The second trial was by jury, and the proponents requested, and the court refused, charge C in the following words: "While the burden of proof is upon the proponents to make out their case, as charged by the court, yet the court further charges you that, *if you believe the evidence, the proponent did make out a prima facie case,* and that thereafter the burden of proof was upon the contestants to overcome such prima facie case to the reasonable satisfaction of the jury."

On the second appeal it was here held that charge C, and others of like import, were erroneously refused. In the same opinion, charges given at the request of the contestants, submitting to the jury the question whether or not the name of Eastis was on the document when it was subscribed by the witnesses, and by him acknowledged to be his signature, were approved, and charge B, requested by the proponents, was held to be properly refused, because it improperly assumed "that the name of the testator was on the bottom of the instrument when the witnesses subscribed their names, to it as witnesses," this being "a disputed fact from the evidence and its reasonable tendencies and inferences." Baker et al. v. Eastis et al., 215 Ala. 402, 110 So. 705.

The appellants' major contention now is that these pronouncements are clearly unsound and should not be followed, while appellees contend that these opinions should be accepted as the settled law of the case, and, inasmuch as they were followed by the trial court on the last trial, the judgment should be affirmed.

It may be conceded. that the trial court on the last trial made a manful effort to follow the former opinions of this court, and, if they are sound, even to the extent that they correctly held that the proponents made a prima facie case entitling the will to be admitted to probate, *the judgment of the trial court is due to be affirmed,* for it is settled law that when a party, upon whom the burden of proof rests, adduces evidence which makes a prima facie case, and no countervailing evidence is offered, he is entitled to the affirmative charge, and, though technical errors may have intervened, they cannot avail to work a reversal of the judgment. Bienville Water Supply Co. v. City of Mobile, 125 Ala. 178, 27 So. 781; Bynum v. Hewlett, 137 Ala. 333, 34 So. 391; Woodroof v. Hundley, 133 Ala. 395, 32 So. 570; Gilpin v. M., K. & T. R. R. Co., 197 Mo. 319, 94 S. W. 869; People ex rel. Sanders v. Cairo, V. & C. Ry. Co., 249 Ill. 97, 94 N. E. 11.

In view of these contentions, we are of opinion that the questions presented on this appeal should be re-examined with a view

of determining whether or not the former pronouncements are sound. Code of 1923, § 10287; L. & N. R. R. Co. v. W. U. T. Co., 195 Ala. 124, 71 So. 118, Ann. Cas. 1917B, 696.

At the conclusion of the evidence offered by the proponents, the alleged will was offered and admitted in evidence, over the objection of the contestants that its execution had not been proved.

In addition to the testimony of the subscribing witnesses, the proponent adduced the testimony of other witnesses, who testified that they knew the handwriting of the alleged testator, that the alleged will and Eastis' signatures thereto was in his handwriting. Eastis' signature appears twice, at the foot, and near the right-hand corner of the document, immediately opposite and in line with the names of the subscribing witnesses, whose names appear at the left-hand corner immediately under the word "Witness," and below these signatures is the following: "This the 1st of October, 1921." The paper is testamentary in form and substance, and the evidence shows that Eastis was a landowner, looked after his own business, and that the subscribing witnesses were his tenants, renting, living, and farming on Eastis' lands in Shades Valley.

The subscribing witnesses were called and examined as witnesses in behalf of the proponent, and testified, in substance, that, on the day the instrument bears date, they, at the request of Eastis, subscribed to the same as witnesses, the request by Eastis being that they witness his will; that their signatures appearing as subscribing witnesses were signed by each in the presence of the other, and in the presence of Eastis; that at the time the paper was doubled and held by Eastis so as to obscure all writing thereon, if there was any; that they saw no writing on the paper; that Eastis did not subscribe the paper in their presence; that, if his name had been subscribed where it now appears, it could have been seen by them; that these signatures were not then on the paper. They further testified that nothing was said to call their attention to such signatures; that they took no notice of his signature, and it did not occur to them it was not there until some time after Eastis' death, when they were approached by one of contestants' counsel and asked about it, and they then made and signed a written statement in substance as they testified. They further testify that they are men of limited educations and poor memories.

The testimony of these subscribing witnesses is substantially the same as given on the former trials, and there is nothing in their testimony, or any other testimony offered, that reflects on their integrity or credibility, except slight discrepancies in respect to what occurred on the occasion of their subscription to the alleged document, and in most instances, where such discrepancies developed and their memories refreshed, they reaffirmed

their former statements, or declared that they had no recollection in respect thereto. The evidence further shows that the alleged will, after Eastis' death, was found among his effects, sealed in an envelope indorsed in Eastis' handwriting: "Last will and testament of Isham Eastis, not to be opened until all parties are present."

The statute (Code of 1923, § 10598) provides that "no will is effectual to pass real or personal property, except in the cases hereinafter provided for, unless the same is in writing signed by the testator or some person in his presence, and by his direction, and attested by least two witnesses, who must subscribe their names thereto in the presence of the testator;" and section 10613, embodied in the same chapter, provides: "Wills offered for probate, except nuncupative wills, must be proved by one or more of the subscribing witnesses, or if they be dead, insane, or out of the state, or have become incompetent since the attestation, then by the proof of the handwriting of the testator, and that of at least one of the witnesses to the will. Where no contest is filed, the testimony of only one attesting witness is sufficient."

The uniform construction and application of the statute, Code of 1923, § 10598, by the decisions here, is that, to constitute an efficacious attestation of a will, what is intended by the testator to operate as a signing by him, in completion of the document whether written in its face by the testator or some person in his presence, and by his direction, or affixed at the foot thereof by mere mark or subscription, must either be done in the presence of the subscribing witnesses, or to them acknowledged as his act, by expressed words or necessary implication from his conduct, at the time of its attestation and subscription by the witnesses. Armstrong Ex'r v. Armstrong Heirs, 29 Ala. 538; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Goldsmith v. Gates et al., 205 Ala. 632, 88 So. 861; Elston v. Price, 210 Ala. 579, 98 So. 573; Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am. St. Rep. 145.

In Elston v. Price, supra, the court quotes with approval from Tilton v. Daniels, 79 N. H. 368, 109 A. 145, 8 A. L. R. 1073, that "to attest the signature means to take note mentally that the signature exists as a fact."

Greenleaf states the rule to be that "an attesting or subscribing witness is one who was present when the instrument was executed and who at the time, at the request and with the assent of the party, subscribed his name to it as a witness of its execution. * * * But it is not necessary that he should have actually seen the party sign, or have been present at the very moment of signing; for, if he is called in immediately afterwards, and the party acknowledges his signature to the witness, and requests him to attest it, this will be deemed part of the transaction, and therefore a sufficient at-

testation." Greenleaf on Ev. § 569a; Jones on Ev. § 529.

The mental operation necessary to an efficacious attestation cannot occur, unless the signature is affixed in the presence of the subscribing witnesses, or, if previously affixed, is acknowledged by the testator to be his act, intended by him as the completion of the document as his will.

■ The statute (section 10613), recognizing a rule of ancient origin firmly grounded in the law of evidence, makes the testimony of the subscribing witnesses the best evidence of its due execution and attestation, and, where their evidence is available, requires that they be called to prove the execution of wills offered for probate. Some of the reasons upon which this rule is founded are that these witnesses were selected by the testator for this purpose, and they are presumed to have better knowledge as to the facts than other persons, and some facts may be known to them not within the knowledge or recollection of others. Jones on Ev. § 527; Richmond & Danville R. R. Co. v. Jones, 92 Ala. 218, 9 So. 276; Bowling v. Bowling, 8 Ala. 538.

In such case, where the subscribing witnesses are called and testify, and there are deficiencies in their evidence as to the due execution or identity of the instrument, such deficiencies may be supplied by the testimony of other witnesses, or if the subscribing witnesses swear that the will was not duly executed, they may be contradicted, and the will supported by proof of the circumstances attending its subscription, or by the testimony of other witnesses. Hall v. Hall, 38 Ala. 131; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Allen v. Scruggs, 190 Ala. 654, 67 So. 301.

■■ While in such case, where the testimony of the subscribing witnesses is available, and their testimony identifies the document as the one which they subscribed the document should be received in evidence for the inspection of the triors of the fact, showing its form and purport as of testamentary nature; but where, as here, the witnesses testify that they saw no writing thereon, not even the word "Witness," under which their names appear, it has none of the elements of a self-proving document, and such attesting clause is without force to raise a presumption of the paper's due execution, in the face of the statute and the decisions of this court, which require proof of its execution to be made by the subscribing witnesses, or by proof of the circumstances attending its execution and the testimony of other witnesses. Such holding would open the door to fraud and would operate to circumvent and destroy the purpose of the statute. Nunn v. Ehlert, 218 Mass. 471, 106 N. E. 163, L. R. A. 1915B, 87, Remsen v. Brinckerhoff, 26 Wend. (N. Y.) 325, 37 Am. Dec. 251.

A different rule prevails where the testimony of the subscribing witnesses is not available, because of their death, insanity, or absence from the state, or from incompetency arising since their subscription. Under such circumstances, the statute provides that the execution and attestation of the will may be proved "by proof of the handwriting of the testator, and that of at least one of the witnesses to the will." This done, the statute raises the presumption that the instrument was executed by the testator and attested by the subscribing witnesses and that they subscribed thereto in the presence of the testator. This was the rule applied in Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 85 Am. St. Rep. 145, and again in the same case on the second appeal, 133 Ala. 395, 32 So. 570. See, also, Snider v. Burks, 84 Ala. 53, 4 So. 225, Nunn v. Ehlert, 218 Mass. 471, 106 N. E. 163, L. R. A. 1915B, 87. On the facts of this case the secondary evidence rule has no application.

■ Without giving effect to the testimony of the witnesses as proving a fact contrary to what they testify, it is clear from their testimony that Eastis did not subscribe the document in their presence, and the most that can be said is that the evidence as a whole was sufficient to authorize the jury to infer that Eastis completed the document by subscribing his name thereto at the time it was written, and thereafter, by calling the Tillisons to witness his will he acknowledged his signature thereto. The case of Dougherty v. Crandall, 168 Mich. 281, 134 N. W. 24, 38 L. R. A. (N. S.) 161, Ann. Cas. 1913B, 1300, seems to support this view, though much was said in that case about the effect of the presumption arising from what is termed the attesting clause.

■ If the document was not signed by Eastis until after the witnesses subscribed, and not in their presence, it was not duly attested as required by the statute, and is void.

■■ The same rule as to the burden and measure of proof resting on the party asserting the affirmative in other civil actions applies in cases of will contests. The proponent must meet and carry the burden of proof resting upon him by evidence sufficient to reasonably satisfy the triors of the facts. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831. And on the trial of such issues mere suggestions or probable theories, which are nothing more than plausible conjectures, are not sufficient to authorize a finding in favor of the party taking the affirmative of the issue. St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70; Smith v. Eudy, 216 Ala. 113, 112 So. 640; Southern Ry. Co., v. Dickson, 211 Ala. 481, 100 So. 665; Moore et al. v. Smith, 215 Ala. 592, 111 So. 918; Carraway v. Smith, pro ami, 217 Ala. 412, 118 So. 758.

In the case of Barnewall v. Murrell, supra, one of the questions presented for decision was whether or not the document on its face, assuming its due execution, was a completed instrument. In that case the will as written

on several different sheets of paper, which were sewed together, and on some of the sheets only a paragraph was written, leaving an unfilled space, and on others blanks were left, such as: "Bonds valued at ————. Securities valued at ————." In construing this written document, it was said: "All the sheets of the instrument as produced are bound and fastened together. If the evidence was not clear and undisputed that they were so bound and fastened together at the time of the signing and attestation, a just and legal presumption would arise, that at that time such was the fact and such the condition of the instrument. Schouler on Wills, § 284; 1 Jar. on Wills, 79; Reese v. Reese, L. R. 3 P&D, 84. In this case, Sir J. Hennen, considering what presumption arises from the plight and condition in which a testamentary paper is found after the death of the testator, observed: 'If any theory consistent with the validity of the will can be suggested, which *appears to the court* to be as probable as the theory on which the argument for the invalidity is based, the will found must be maintained.' *This is but an application to testamentary papers of the general principle applicable to contracts;* presumptions are indulged to support, not to defeat them." (Italics supplied.)

To state the rule in different form, where there is no dispute as to the terms of a written document, whether it be a deed, will, or contract, though there may be some ambiguity on its face, subjecting it to different constructions, the court will adopt a construction that will sustain it, rather than one that will render it invalid, and in such case the question is one of law for the court, and not one of fact for the jury. Drennen v. Smith, 115 Ala. 396, 22 So. 442; Barnhill v. Howard, 104 Ala. 412, 16 So. 1; N., C. & St. L. Ry. Co. v. Camper, 201 Ala. 581, 78 So. 925; 6 R. C. L. 839, § 229.

While cases may arise in which the construction of a written contract may depend upon extrinsic facts about which there is a dispute in the evidence, in which it would be proper to state this rule of construction in charge to the jury (6 R. C. L. 862, § 249), it certainly has no application to the question as to whether or not the document was duly executed, and there is nothing in the opinion of the court in Barnewall v. Murrell, supra, or the reference to the same rule in the later case of Woodroof v. Hundley, 133 Ala. 395, 32 So. 570, justifying such construction.

Charges 1, 3, 4, 7, and B, given at the request of appellees, give effect to the alleged will as carrying ex facie evidence of its due execution, and assumes that the attesting witnesses subscribed their names under the word "witness." These charges under the facts of the case are not only unsound in principle, but invaded the province of the jury.

Charge 12, given for proponent, assumes that the name of Eastis was on the paper when it was subscribed by the attesting witnesses, and was to this extent invasive of the province of the jury. The principle asserted in charge 8, as we have shown, has no application to the issue in this case. Its effect is to misplace the burden of proof, and invite speculation on the part of the jury, authorizing a verdict in favor of the proponents on a mere "suggested probable theory," while the law requires that the jury be reasonably satisfied from the evidence that the will was duly executed and attested. Barnewall v. Murrell, supra.

While charges 2-a and 3-a, given for proponent, by the use of the words "if any," are bad in form, and not entirely clear of meaning, and could have been refused without error. It cannot be affirmed that the court committed reversible error in giving them.

Charge 2 has a tendency to inculcate the idea that the execution of the will by the testator, by affixing his signature thereto, would be sufficient, though his signature was not attested. It also authorizes the jury to probate the will, while that is a function to be exercised by the court. What we have said is sufficient to indicate that we are of opinion that error intervened on the trial, for which the decree of the probate court must be reversed, and we deem it unnecessary to treat the other assignments of error.

The holdings of this court on former appeals, in the opinion of the writer, are self-contradictory and unsound, and should be modified or overruled. The opinion of the court in Stuck et al. v. Howard, 213 Ala. 184, 104 So. 500, in so far as it holds that the rule applicable to the construction of written documents stated and approved in Barnewall v. Murrell, supra, and incidentally referred to in Woodroof v. Hundley, 133 Ala. 402, 32 So. 570, should be given in charge to the jury, when the sole question at issue is whether or not the document was duly executed and the evidence is conflicting, must be pronounced unsound, and is to that extent modified.

For the errors pointed out, the decree of the probate court is reversed, and the cause will be remanded.

Reversed and remanded.

All the justices concur as to the criticism of charge 8, and the modification of the opinion in Stuck et al. v. Howard, 213 Ala. 184, 104 So. 500.

Justices THOMAS, BOULDIN, and FOSTER concur in the view that charges 3, 4, 7, 12, and B, were erroneous, and that the former opinions of the court in this case, in so far as they held these charges to be good, should be modified.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., limit their concurrence in the reversal for giving charge 8, and the modification of Stuck et al. v. Howard, supra, and

dissent as to the holding of the court as to charges 3, 4, 7, 12, and B.

██ All the Justices except BROWN, J., hold that charge 1 states a correct proposition of law.