### LEVERETT'S HEIRS *vs.* CARLISLE, Ex'R.

1. It is not necessary that the subscribing witnesses to a will should be informed of its contents.
2. To constitute undue influence, some act or acts must have been done to cause the testatrix to dispose of her property contrary to her desire.
3. When the court refuses to give a charge requested, the party wishing to revise such refusal must set out in his bill of exceptions so much of the evidence as will show that the charge requested was pertinent to the evidence, and was not abstract.

ERROR to the Probate Court of Chambers.

CARLISLE propounded for probate the last will and testament of Mary G. Leverett, deceased, which was contested by some of her heirs at law, on the ground of its having been obtained by undue influence. The question was submitted to a jury, who decided in favor of the validity of the will, and it was thereupon admitted to probate by the court.

A bill of exceptions was taken on the trial, from which it appears, that the contestants requested the court to charge the jury, that if they believed from the evidence that the subscribing witnesses to the will were not informed of its contents, when they signed it as witnesses, they must find against the will; which charge the court refused, and charged the jury, that if the testatrix knew what was written in it, it was not material whether the witnesses knew it or not. The contestants also asked the court to charge, that any trick, artifice, cunning or management, whereby the testatrix was induced to make her will disposing of her property in a different manner from what she otherwise would have done, although she acted willingly at the time, yet this would be undue influence in the eye of the law, and would vitiate the will, which charge also was refused. The court charged the jury, that to constitute undue influence, some act or acts must be done to cause testatrix to dispose of her property contrary to her own desire.

The contestants excepted to the charges given, and to the refusal to give the charges asked, and now assign them as error.

Leverett's Heirs v. Carlisle, ex'r.

BROCK, for plaintiffs in error:

The record shows these facts: The will was written at the house of defendant in error; it is in his hand writing; his wife is the principal beneficiary of the will; testatrix, when the will was executed, was 76 years of age; she was then, and had been for two years, living with defendant in error. There was no proof that she knew the contents of the will.

The first charge asked by plaintiff in error should have been given.—1 Wms. on Ex. 219; Hill v. Barge, 12 Ala. 687. A party has a right to have a proper charge given in the terms in which it is asked.—13 ib. 222.

The court erred in the charge given and the charge refused, as to undue influence. By the charge given, the "desire" of the testatrix at the time of executing the will, settled the question of undue influence. But a will may be avoided for undue influence, although at the time of its execution the testatrix acted willingly, having been led to that willingness by artful flattery or misrepresentation, &c.—Roberts, ex'r, v. Trawick, 17 Ala. 55; Coleman v. Robertson's Ex'rs, 17 ib. 84.

No counsel for the defendant.

DARGAN, C. J.—The first instructions given by the court to the jury are entirely correct. The witnesses need not know the contents of the will they are called upon to subscribe as witnesses, and very seldom, if ever, are informed of its contents. That the testatrix knew its contents and that it contained her wishes respecting her property after her death, is all that the law ever has required.

2. The second charge is equally free from error. Undue influence in procuring a will to be made, by which the testator disposes of his property in a manner different from what he would have done, had no improper influence been exercised over him, is sufficient reason for setting aside the will; but this undue influence must result from the acts and conduct of the party supposed to have exercised it. It is but the effect of his acts and conduct which is the cause. If the cause does not exist, the effect cannot. The court therefore properly instructed the jury, that to constitute undue influence some act or acts must have been done to cause the testatrix to dispose of her property contrary to her desire.

3. It is very true that trick, artifice or management which induces one to dispose of his property contrary to his wishes, will vitiate the will ; and if there had been any evidence tending to show that Greene W. Carlisle had resorted to any trick, artifice or management to induce the testatrix to make the will propounded for probate, the charge requested should have been given. But if there be no evidence before the jury to base a charge upon, the court should not give it, although as an abstract principle of law it may be free from objections. This is a well settled principle ; consequently we have invariably held that where a charge is refused to be given, the party wishing to revise such refusal must set out in his bill of exceptions so much of the evidence as will show that the charge requested was pertinent to the evidence, and was not abstract.—Hughes v. Parker, 1 Port. 139; Hollinger v. Smith, 4 Ala. 367; McGehee v. Powell, 8 ib. 828; Milton v. Rowland, 11 ib. 733. We cannot percieve the slightest evidence tending to prove that Carlisle resorted to any trick, artifice or management to induce the testatrix to make the will she did, or that the will did not fully and completely contain the wishes of the testatrix respecting the disposition of her property after her death.

There was no error, under these circumstances, in refusing to give the instructions asked, and the judgment of the Court of Probate must be affirmed.