## COLLIER v. PRYOR.

### 8 Div. 517.

Supreme Court of Alabama.

Oct. 5, 1933.

C. L. Peck and Wright & McAfee, all of Decatur, for appellant.

T. C. Almon, of Decatur, for appellee.

ANDERSON, Chief Justice.

The mortgage was signed by the mortgagor by mark, and was attested by one Will Wright, who wrote his name as subscribing witness. This was a prima facie compliance with section 1 of the Code of 1923. But Will Wright, when he took the stand as a witness, testified that, while he signed the mortgage as a witness, the mortgagor, Collier, did not make his mark and, in fact, was not present. In other words, in effect, testified that his certificate of attestation was false. After this, the trial court permitted other persons, who did not subscribe as attesting witnesses, to testify that they were present on the occasion, and that the mortgagor, Collier, did execute the mortgage by mark, and that the said Wright did sign his name as an attesting witness. As to this, the appellant's counsel insists on error and to so hold would inevitably lead to a conclusion that written instruments legally and properly signed and attested were subject to destruction by forgetful or unscrupulous attesting witnesses. The rule has been well established, in this state, in keeping with the common-law rules of evidence, that, while proof by the sub-

scribing witness is the best evidence to establish the execution of written instruments, it by no means follows that the testimony of these witnesses is the only evidence by which the due execution of the will can be established. "It is laid down as undoubted law, that if, from forgetfulness, the subscribing witnesses should fail to prove the formal execution of the will, other evidence is admissible to supply the deficiency; or, if the subscribing witnesses all swear that the will was not duly executed, they may be contradicted, and the will supported by other witnesses, or by circumstances." Hall v. Hall, 38 Ala. 131; Barnewall v. Murrell, 108 Ala. 382, 18 So. 831; Reynolds v. Massey, 219 Ala. 265, 122 So. 29; Stuck v. Howard, 213 Ala. 184, 104 So. 500. This last case is on all fours with the case at bar, except it involved proof of the execution of a will instead of a mortgage, and there is no reason why there should be a stricter rule in proving the execution of instruments less important and solemn than wills.

We do not think that section 7703 of the Code of 1923 changes the foregoing rule. True, it says when the witnesses "do not recollect the transaction, then proof of the actual signing by, or of the handwriting of, the alleged maker or subscribing witness, shall be received as primary evidence of the fact of execution; and if such evidence be not attainable, the court may admit evidence * * * to establish such fact of execution."

We can see no reason for drawing a distinction when the witnesses fail to confirm their attestation because of a defective memory or when they may willfully or corruptly repudiate same. At any rate, the cases of Reynolds v. Massey, supra, and Stuck v. Howard, supra, permitted proof of the execution by other evidence when the subscribing witness denied the proper execution, and these cases are subsequent to section 7703 of the Code of 1923.

The case of Houston v. State, 114 Ala. 15, 21 So. 813, is, in no sense, in conflict with the present holding. There it was simply held that the execution of the instrument should have been proved by the subscribing witness, who wrote his name as such, and not by the attesting witness, who signed his name by mark, and the opinion fully recognizes the rule that exceptions exist when the witness cannot be produced, that resort may be had to secondary evidence. There is nothing to negative the fact that, if this witness had been introduced and repudiated his attestation, secondary evidence could be resorted to to establish the execution of the instrument.

In the case of Barksdale v. Bullington, 194 Ala. 624, 69 So. 891, the real and only point involved was whether or not the testimony of Sowell, the subscribing witness, was sufficient to show a legal execution and attesta-

tion, and we held that it was. Nor do we find anything in the rest of the opinion that conflicts with the present holding.

The case of Hamilton v. Adams, 214 Ala. 440, 108 So. 1, has no bearing on the present question. There, the trial court was affirmed in holding that the mortgage had not been legally executed because the mortgagor denied requesting the mortgagee to sign his name and did not make his mark. See the opinion on rehearing. Here the trial court found that Collier did make his mark and did execute the mortgage.

The suggestion, in brief as to assignment of error 10, does not amount to an argument.

The learned trial judge prepared a written opinion in response to the motion for a new trial which we find sound and helpful in the consideration of this case.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.