20 So.2d 787

**FULKS et al. v. GREEN.**

8 Div. 306.

Supreme Court of Alabama.

Feb. 1, 1945.

F. S. Parnell, of Florence, for appellants.

394

Orlan B. Hill, of Florence, for appellee.

THOMAS, Justice.

This appeal is from a verdict and judgment in favor of the probate of a will.

The grounds of contest were at the time of the execution of the will the testatrix was not of sound mind nor capable of making such disposition of her property; that testatrix was at the time under the vitiating domination and control of her daughter Mrs. Lillian Fulks Green, the beneficiary and executrix named in the alleged will; that the will was the product and result of such undue influence exercised by said daughter over the mind of testatrix, and not the result of, or exercise of her own free will and volition, and the result of misrepresentation on the part of her said daughter, inducing the execution of said will.

The rules that obtain in this jurisdiction are well understood and need not be recited at length. Slagle v. Halsey, 245 Ala. 198, 15 So.2d 740. The requirements of the statute of a valid execution and attestation of a will are correctly stated in the charge of the trial court to the jury. Code 1940, Tit. 61, § 24, and authorities cited. It is not necessary that the attestation be at the personal request of the testatrix. It is sufficient if done in testatrix' presence with her knowledge and consent expressed or implied. Ritchey v. Jones, 210 Ala. 204, 97 So. 736; Lockridge v. Brown, 184 Ala. 106, 115, 63 So. 524.

The general rule is that testatrix is not required to use any particular form or words in requesting the witness to attest the will. 125 A.L.R. 421, Note.

The further rule in this jurisdiction is that, the testator's acknowledgment to the subscribing witnesses that the signature on the instrument is his may be proved by his words, or by his acts, or by circumstances surrounding him and them when subscribing, or by a combination of all three—his words, his acts, and circumstances surrounding them (Massey v. Reynolds, 213 Ala. 178, 104 So. 494). But no formal words or acts are necessary to constitute such "acknowledgment." Stuck v. Howard, 213 Ala. 184, 104 So. 500.

Under the law the testator does not have to inform the subscribing witnesses that the instrument was his will, or to give them information as to its contents. Leverett v. Carlisle, 19 Ala. 80; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Goldsmith v. Gates, 205 Ala. 632, 634, 88 So.

861; Massey v. Reynolds, 213 Ala. 178, 104 So. 494.

A subscribing witness to a will is not called upon to testify to the attestation of the other witness, but only of the presence of the testator, the testator's signature and the attestation and subscription by the witness in testator's presence. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831. The two witnesses have so sworn on their introduction before the court under the offer of probate.

There being adverse tendencies in the evidence as to the issue of undue influence, a jury question was presented, and the affirmative instructions requested were refused. The general rule is stated in McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. In a will contest, the burden of proof to make out the prima facie proof of the right to probate is stated in Massey v. Reynolds, 213 Ala. 178, 104 So. 494, 499; on second appeal, Reynolds v. Massey, 219 Ala. 265, 122 So. 29; and that of testamentary capacity is stated in McKinney v. Weatherford, 242 Ala. 493, 7 So.2d 259; Leeper v. Taylor, 47 Ala. 221, 223.

The several refused charges, requested in writing by the contestants, are designated by letters A through D and the charges given for contestants are designated by the letters H and I. The charges for proponent are designated by numerals 5 and 6.

In Mindler v. Crocker, 245 Ala. 578, 582, 18 So.2d 278, 281, the rule in this jurisdiction as to a presumption of undue influence is declared and "the burden of proof is settled to be that 'confidential relations, accompanied with activity of a favored beneficiary in the preparation and execution of a will, raise a presumption of undue influence and cast the burden of proof on the proponent.' * * *

"All of those essentials need consideration in view of the evidence. First the meaning of activity in the preparation of the will; then the meaning of a favored beneficiary, also the matter of confidential relations as here applied.

"Activity must be more than conduct referable solely to a compliance with or obedience to the free and voluntary instructions or directions of testatrix. * * *"

The jury was properly instructed by the trial court and we find no reversible error has intervened as to the rulings on charges. The said refused charges had the effect of invading the province of the jury in the premises.

We may say of the testimony of the two subscribing witnesses that the positive statements of W. C. Quillen show there was no undue influence employed on the part of the daughter Mrs. Green. The testimony of the witness Ran Howard discloses her reluctance to speak in the matter, but she admitted, "All of them have talked with me about the case." Under the authorities cited at the outset, however, her testimony, with that of the other subscribing witness, was sufficient to make out the prima facie case for proponent. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831. The will was executed by testatrix in the presence of the two witnesses who signed the same as such attesting witnesses, as required by law. The fact that one of the witnesses did not understand at the time it was the will of testatrix she was witnessing, does not change the burden of proof between the respective parties existing under the law.

The judgment of the circuit court is free from error and is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.