64 So.2d 77

**WHITT et al. v. FORBES et al.**

8 Div. 685.

Supreme Court of Alabama.

Feb. 26, 1953.

Rehearing Denied March 26, 1953.

Woodroof & Woodroof, Thos. S. Woodroof and Jas. W. Woodroof, Athens, for appellants.

Malone & Malone, W. W. Malone, W. W. Malone, Jr., and Paul T. Gish, Jr., Athens, for appellees.

The sons filed a petition in the probate court of Limestone County to probate the alleged last will and testament of their father, wherein the sons were named as the principal beneficiaries and were nominated as executors.

The daughters of deceased filed a contest in accordance with the provisions of § 52, Title 61, Code 1940. On their motion the cause was transferred to the circuit court of Limestone County, § 63, Title 61, Code 1940, as amended. Jury trial was requested. Issues between the parties were made up in the circuit court.

The contest was rested on three grounds: (1) the instrument was not duly executed; (2) undue influence on the part of the proponents; and (3) that the deceased did not have testamentary capacity to make a will at the time it was allegedly made.

The case went to the jury on only one ground of contest, namely, the execution of the will. The trial court gave at the request of proponents the general affirmative charge with hypothesis as to the other two grounds of contest.

The jury decided for contestants. Respondents filed their motion for new trial, which was overruled. They have appealed to this court.

It is contended that the trial court erred in not giving, at the request of proponents, the general affirmative charge with hypothesis on the issue of due execution of the will. Section 24, Title 61, Code 1940, provides that "No will is effectual to pass real or personal property, except in the cases hereinafter provided for, unless the same is in writing signed by the testator or some person in his presence, and by his direction, and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator," and § 39, Title 61, Code 1940, provides: "Wills offered for probate, except nuncupative wills, must be proved by one or more of the subscribing witnesses, or if they be dead, insane, or out of the state, or have become incompetent since the attestation, then by the proof of the handwriting of the testator, and that of at least one of the witnesses to the will. Where no contest

LAWSON, Justice.

E. W. Whitt died on or about June 10, 1952, when he was approximately sixty years of age. He was survived by his widow, three sons and four daughters.

is filed, the testimony of only one attesting witness is sufficient."

Section 39, Title 61, supra, recognizes a rule of ancient origin which is seemingly grounded in the law of evidence, which makes the testimony of the subscribing witnesses the best evidence of its due execution and attestation, and where their evidence is available requires that they be called to prove the execution of wills offered for probate. Reynolds v. Massey, 219 Ala. 265, 122 So. 29.

In will contests the burden of proving due execution of the will is on proponent. Little v. Sugg, 243 Ala. 196, 8 So. 2d 866; Reynolds v. Massey, supra.

It is without dispute that the instrument offered for probate is in writing—every word of it in the handwriting of the deceased except the names of the witnesses Jack Buckner and Otto Eisenman. The name of the deceased appears near the bottom of the instrument, but somewhat on the left margin of the page. The last paragraph of the instrument reads: "Signed sealed and declared by the said E. W. Whitt as his last will and testament in the presence of us who at his request and in his presence and in the presence of each other, here subscribe names as witnesses." Then follow the names Jack Buckner and Otto Eisenman. Buckner and Eisenman testified that they wrote their names there in the presence of deceased. They were not called upon to testify that they signed their names in the presence of each other. Fulks v. Green, 246 Ala. 392, 20 So.2d 787.

It appears, therefore, that the instrument was in writing. It was signed by the deceased. Two witnesses wrote their names—subscribed their names—on the instrument in the presence of the testator. These facts appear in the evidence without any conflict or contrary inference.

The remaining requisite of the statute, § 24, Title 61, supra, is that the subscribing witnesses attest the signing of the instrument by the deceased.

In Elston v. Price, 210 Ala. 579, 581, 98 So. 573, 574, this court quoted approvingly from Tilton v. Daniels, 79 N.H. 368, 109 A. 145, 8 A.L.R. 1073, that "'To attest the signature means to take note mentally that the signature exists as a fact.'"

In Reynolds v. Massey, 219 Ala. 265, 122 So. 29, 34, we said:

"The uniform construction and application of the statute, Code of 1923, § 10598 [§ 24, Title 61, Code 1940], by the decisions here, is that, to constitute an efficacious attestation of a will, what is intended by the testator to operate as a signing by him, in completion of the document whether written in its face by the testator or some person in his presence, and by his direction, or affixed at the foot thereof by mere mark or subscription, *must either be done in the presence of the subscribing witnesses, or to them acknowledged as his act, by expressed words or necessary implication from his conduct, at the time of its attestation and subscription by the witnesses.*" (Emphasis supplied.)

We come now to a consideration of the evidence as it bears on the question of attestation. The only witnesses who testified in that connection were Buckner and Eisenman. On direct examination Eisenman testified that he signed the instrument at the request of the deceased, who told him "he had a paper that he wanted me to sign showing that he was in his right mind." On cross-examination he first stated he did not remember seeing the deceased's signature on the instrument at the time he signed it nor did he remember the deceased's telling him that he had signed the instrument. On further cross-examination he stated positively that he did not see deceased's name on the instrument and that he didn't read it. He also stated that he didn't remember deceased signing the paper in his presence and again stated that he didn't remember deceased telling him that he had signed the paper. On re-direct examination Eisenman again stated that he didn't remember the circumstances surrounding "the execution of that paper" and that he couldn't say "that that paper was written out at the time" he signed it, although he never remembered signing a blank paper. He also stated, on re-direct,

that he didn't remember whether deceased had the paper "folded down" so that he couldn't see anything on it. On re-cross this witness stated he didn't remember deceased reading the instrument to him and he didn't read the words "signed sealed and declared by the said E. W. Whitt to be his last will and testament." About the only thing the witness remembered about the entire transaction was that deceased asked him to sign a paper that he was in his right mind and he signed it.

The other subscribing witness, Buckner, on direct examination merely identified his signature and stated that he placed it on the instrument at the request of deceased to sign a statement showing that witness thought deceased was in his right mind. On cross-examination the witness testified that he didn't read the instrument or any part of it before he placed his signature thereon; that he didn't remember seeing deceased sign the instrument or point out his signature thereon; that he didn't remember seeing deceased's signature on the instrument; that he didn't remember deceased telling witness that he had signed the instrument previously. On re-direct Buckner stated that the paper was either folded or had something over it when he signed it, but he remembered some "writing" above the place on the instrument where he placed his signature, which "writing" he didn't read; that he doesn't "remember seeing a full page of writing."

If the instrument was not signed by deceased until after the witnesses subscribed, and not in their presence, it was not duly attested as required by statute, and is void. Reynolds v. Massey, 219 Ala. 265, 122 So. 29. Hence, the testimony of the subscribing witnesses, which is no stronger than that they did not remember seeing deceased sign the instrument or remember him acknowledging the signature as his act, rendered the attesting clause without force to raise a presumption of the instrument's due execution. We have said: "It is laid down as undoubted law, that if, from forgetfulness, the subscribing witnesses should fail to prove the formal execution of the will, other evidence is admissible to supply the deficiency * * *." Collier v. Pryor, 227 Ala. 299, 300, 149 So. 816, and cases cited. Here no other evidence was supplied other than the mere circumstances surrounding the transaction.

■ In view of the nature of the evidence as it bears on the question of attestation, reversible error is not made to appear in the action of the trial court refusing proponents' requested affirmative charge as to the issue of the due execution of the will. Reynolds v. Massey, 219 Ala. 265, 122 So. 29; Green v. Davis, 228 Ala. 162, 153 So. 240.

We are clear to the conclusion that the trial court did not err in refusing to give, at the request of the proponents, the general affirmative charge with hypothesis as to the issue of the due execution of the will.

Likewise, the grounds of the motion for new trial taking the point that the verdict was contrary to the weight of the evidence were overruled without error. Certainly the preponderance of the evidence was not so decidedly against the verdict as to convince us that it was wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Balls v. Crump, 256 Ala. 512, 56 So.2d 108.

The remaining assignments of error relate to rulings on matters of evidence and in the giving of certain written charges for the contestants and the refusal of certain others requested by the proponents.

■ Assignment of error No. 5 is based on the refusal of the trial court to give proponents' written charge 6. The only allusion to this charge in the brief of counsel for appellants is: "We respectfully submit that this charge is a correct proposition of law and should have been given." This is not an insistence on grounds of error and the assignment will be disregarded. Republic Iron & Steel Co. v Quinton, 194 Ala. 126, 69 So. 604; State v. Southland Hatchery, 253 Ala. 449, 45 So.2d 302.

■ There was no error in refusing proponents' requested charge No. 12. Counsel for appellants in support of their argument that it was reversible error to refuse this charge cite the case of Baker v. Eastis, 215 Ala. 402, 110 So. 705, wherein it was

held that it was error to refuse a charge in somewhat the same language as their charge No. 12. To like effect see Reynolds v. Massey, 219 Ala. 265, 122 So. 29, syl. 17. But in the instant case the trial court gave at the request of the proponents their requested charge No. 13, which charge is in the exact language of charge No. 4 held good in Baker v. Eastis, supra, and Reynolds v. Massey, supra. Section 273, Title 7, Code 1940, provides in part: "The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties." See Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4.

Proponents' written charge No. 23, which was refused by the trial court, is in the exact language of charge No. 33 given at the request of proponents in Lockridge v. Brown, 184 Ala. 106, 63 So. 524, 526, where we said: "Charge 33, given at the request of the appellee, is a copy of a charge which was sanctioned in the case of Knox v. Knox, 95 Ala. [495], 499, 11 So. 125, 36 Am.St.Rep. 235. See Charge 7 in said case." While the cases referred to above sustain the giving of such a charge at the request of a proponent of a will, they do not hold that it is error for the trial court to refuse the charge. In Hale v. Cox, 222 Ala. 136, 131 So. 233, 235, we held that the trial court did not err in refusing this charge on the ground that it is argumentative. It was there pointed out that "We are not without sound authorities for holding that it is not error for a trial court to give a charge which states a correct proposition of law, though argumentative in form, still it is not error to refuse such charge."

Proponents' refused charge No. 27 is in the same language as charge No. 6 requested by proponents in Baker v. Eastis, 215 Ala. 402, 110 So. 705, the refusal of which this court held to be reversible error. But on subsequent appeal the former holding was repudiated. Reynolds v. Massey, 219 Ala. 265, 122 So. 29. The facts of this case as they relate to the attestation and subscription by the witnesses are strikingly similar to the facts presented in Reynolds v. Massey, supra. We hold, therefore, that the trial court did not err to a reversal in refusing charge 27.

In Hale v. Cox, 231 Ala. 22, 163 So. 335, we held that charges in the language of charges 39 and 40, requested by proponents in this case but refused by the trial court, were refused without error as they were covered by the oral charge. Without indicating that we would reverse for the failure to give such charges in a case such as this where the only issue is whether the will was duly executed, we are of the opinion that the substance of refused charges 39 and 40 were covered by the court's oral charge and by charge 38 given at the request of proponents. § 273, Title 7, Code 1940.

Charges B, D, G, H, J, K and M, given at the request of contestants, are treated in brief of counsel for appellants as a group. Some, if not all of these charges were properly given and the argument as made is within the rule of our cases to the effect that where several assignments are grouped and argued as one, and one assignment is without merit, the others will not be considered. Southern R. Co. v. Sherrill, 232 Ala. 184, 167 So. 731; Gilliland v. Dobbs, 234 Ala. 364, 174 So. 784. Charge B given at the request of contestants merely stated the requirements of § 24, Title 61, Code 1940, for a valid execution and attestation of a will and clearly it was given without error. Fulks v. Green, 246 Ala. 392, 20 So.2d 787.

In brief of counsel for appellants it is stated: "Assignments of errors Nos. 13 and 18 deal with the trial court giving at the request of appellees written charges Nos. F and L (Pages 63 and 65 of record). The giving of these charges was error as there is nothing in the evidence upon which said charges could be based." We understand this statement of counsel to mean that those charges were abstract and therefore the trial court committed reversible error in giving them. Without passing on the question as to whether the charges were abstract, we perceive no injury to proponents in such instructions having been given to

the jury. The giving of an abstract charge is not of itself reversible error. The issues under the evidence were simple and were clearly presented by the other requested charges and the excellent oral charge of the trial court to which no exception was taken, and error cannot be predicated on the stated ground. Ray v. Richardson, 250 Ala. 705, 36 So.2d 89. We have treated these assignments of error, although it is questionable as to whether they were sufficiently dealt with in brief to justify consideration here.

On cross-examination, proponents' witness Eisenman stated in effect that at the time he subscribed his name on the instrument he did not see the signature of deceased on the instrument. On redirect examination the trial court sustained contestants' objection to a question asked this witness by counsel for proponents on the ground that it was a leading question. The question was a leading one and the trial court did not commit reversible error in sustaining the objection. We have said in many cases that the allowance or exclusion of leading questions is within the discretion of the trial court. See Southern R. Co. v. Clarke, 203 Ala. 248, 82 So. 516, where it was held that the trial court did not err in excluding a leading question or the answer thereto on the examination of a witness in rebuttal.

The main question in this case was whether there had been an efficacious attestation. Consequently, the trial court did not err in overruling proponents' objections to questions asked the subscribing witnesses on cross-examination as to whether they knew what "the paper" was when they signed it and as to whether they read the instrument or saw the deceased's signature on it.

There was no error in overruling proponents' objection to the question asked Mrs. Hobbs, one of the daughters of deceased, as to whether she had been on good terms with her father. At the time this testimony was elicited, undue influence had not been eliminated as a ground of contest. Mrs. Hobbs was a beneficiary under the alleged will, although not a principal beneficiary. Where a will is contested on the ground of undue influence, evidence as to the nature and relation and dealings between the testator and beneficiaries is admissible. Chandler v. Jost, 96 Ala. 596, 11 So. 636.

We have treated all assignments of error argued and find no reversible error. The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.