This is a will contest involving the will, or purported will, of Leemon F. Latham, executed on December 17, 1974. Latham had previously executed a will on November 22, 1952, in which his niece, Bobby Jean Anderton, the contestant, was named the sole beneficiary. The proposed 1974 will revoked all prior wills and divided the estate to others leaving Mrs. Anderton only $500. The contest was transferred to the Circuit Court of Morgan County, where it was *Page 780 
heard without a jury. The trial court held that the proposed will of Leemon F. Latham, executed on December 17, 1974, was the true last will and testament of the deceased. Contestant appealed. We affirm.
The grounds for contest are as follows: (1) the purported will is not the true last will and testament of the deceased; (2) the deceased was mentally incapable of making and executing the will in question; (3) the deceased was not of testamentary capacity on the 17th day of December, 1974; (4) that at the time the alleged will was executed, Leemon F. Latham was incapacitated to make a will or dispose of his property due to his feeble condition. Contestant's primary argument during trial, and in her brief on appeal, centers on her first ground for contest, that the December 17, 1974, will is not the true last will and testament of the deceased.
The primary issue is whether the will dated December 17, 1974, contains the genuine signature of Leemon F. Latham. Mrs. Anderton contends that it does not, and that where a will is contested on the ground that the signature of the testator is a forgery, the burden of proof is on the proponent to prove the genuineness of the signature. She says that the proponent failed to meet this burden. Furthermore, she contends that she proved by the expert testimony of a professional examiner of questioned documents, that the testator's signature on the December 17, 1974, will was not the same signature of the person whose signature is on the 1952 will. Neither party questions that the 1952 will contains the true and genuine signature of Leemon F. Latham.
Anderton asserts that the proponent of the disputed will rests upon the erroneous assumption that all that was required in meeting the burden of proof was to make out a prima facie showing of due execution. Anderton further asserts that the trial court in rendering its decree erred by adhering to this evidentiary proposition.
The trial judge, in his final decree, discussed the burden of proof and gave his reasons for finding that the later will contained the testator's genuine signature. He held:
 "The burden of proof in a case of this kind in order to make out a prima facie case rests on the proporant (sic) of the will to offer some testimony showing the execution of the will by the testator and the attestation of the will by the witnesses as prescribed by the statutes. It is the duty of the contestants (not a shift of the burden of proof) to offer evidence to satisfy the court that the testator did not sign the instrument, or that the instrument should not be probated as the will for some other reason. Massey vs. Reynolds, 213 Ala. 178, 104 So. 494. It is said in a later case that it is the duty of the proponent who claims under the disputed will to prove to the reasonable satisfaction of the court that the testator did sign the will propounded for probate and did cause it to be attested by two witnesses who subscribed their names thereto in the presence of the testator. Hancock vs. Frazier, 264 Ala. 202, 86 So.2d 389."
We find that the trial court correctly applied the law, and we have reviewed his findings of fact in accordance with this Court's rule of review, and fail to find they are clearly and palpably wrong.
Anderton contends that the trial court erred in relying upon the cases of Massey v. Reynolds, 213 Ala. 178, 104 So. 494
(1925); Hancock v. Frazier, 264 Ala. 202, 86 So.2d 389 (1956), as authority to support the ruling contained in its decree. Mrs. Anderton contends that Hancock, supra, is factually distinguishable from the instant case. Unlike Hancock, where the facts support the affirmance of the validity of the will, Anderton contends that not one single witness testified on behalf of the proponent who knew the signature and the handwriting of Leemon F. Latham.
Anderton asserts that when suspicious circumstances surround the execution of a will by a testator, as she contends happened here, that the proponent must do more than *Page 781 
prove prima facie the due execution thereof, citing In Re:O'Connor's Estate, 105 Neb. 88, 179 N.W. 401 (1920). Suffice it to say that the rule regarding the burden of proof upon a proponent is clearly set out in Massey v. Reynolds, supra, which the trial court followed.
Finally, Anderton contends that extraordinary weight should be given to the testimony of the examiner of questioned documents. We reject this.
The conclusion of a handwriting expert on genuineness is an expert comparison and as such was to be given due, but not extraordinary, consideration by the trial court. The trial judge saw and heard the witnesses, who proved execution. The trial judge found that their testimony was not impeached by the expert witness' conclusions. See Cox v. Logan, 262 Ala. 11,76 So.2d 169 (1954).
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur.