FAULKNER, Justice.
This is an appeal arising out of a will contest. The contestant avers that the trial court gave erroneous jury instructions regarding the burden of proving the proper execution of the will. We find no such error in the jury instructions.
Fate Deerman died on April 3,1980. The will involved is dated November 2, 1959. Mr. Deerman’s widow, Lillie Deerman, filed a petition for letters testamentary in the Marshall County Probate Court on October 28, 1980. Evelyn Deerman Martin, a niece of the deceased, served a complaint contesting the will, asserting several grounds, one of which was improper execution and invalidity of the will. The case was removed to the Marshall County Circuit Court. The contest was heard before Judge William D. Jetton, sitting with a jury, on May 10,1982.
The contestant, Mrs. Martin, in compliance with ARCP 51, took exception to the statement of the Court that the burden of proof is on the defendant (contestant) to show that the will was not validly executed.
A review of the record reveals that Judge Jetton, after identifying the parties, charged the jury in part:
“Now, in this case, there are two burdens of proof, ladies and gentlemen.
“The burdens of proof that must be given to you in this case are, by the Plaintiff, that there is a valid will executed properly as I will explain to you later during this charge. If the Plaintiff *620 satisfies you, and the burden of proof is carried by that execution of the will, then it is incumbent upon the Defendant to prove to you to your reasonable satisfaction that the will is not valid for one reason or another.
“The only contested point in this case that I direct you is that the Defendant, the one who is contesting the will, says that the will was not validly executed by the definition of that which .1 will give you in a moment.
“The burden rests on the Defendant to prove to your reasonable satisfaction then that the will was not validly executed.
“The law requires certain things for a will to be executed and to be a last will and testament of people — of a person. The law defines a will as one that is a written instrument by which a person makes a disposition of his property to take effect after death. In order for a will to be a legal and valid instrument, it must be signed by the testator, the person who makes the will, and attested or signed by at least two witnesses, each of whom must sign their names in the presence of the testator and the testator in their presence.
“That must be proven to your reasonable satisfaction that all of those matters were done, and if it is proven to your reasonable satisfaction that all of those matters were done, then there is a proof of a validly executed, validly signed and witnessed will.
“Then it is incumbent on the Defendant to prove to your reasonable satisfaction that there was an invalidity in the will in some way.”
The Court concluded:
“Now, as to the evidence in the case, ladies and gentlemen, the Court charges you that if you believe the evidence that has been presented in this case, you must find for the Plaintiff, the proponent, Lillie Deerman. If you do not believe the evidence in the case, then of course, you would not find for the Plaintiff, Lillie Deerman; but the evidence that is presented to you at this point, if you believe that evidence, then you will find for the Plaintiff.”
Mrs. Martin further argues that the jury instructions in their entirety were confusing and misleading with respect to which party had the first burden of proof.
The primary issue before us is whether the instructions were confusing to the jury as to the burden of proof, where due execution of a will is in question. We agree with the contention of the contestant that the burden of proving the validity of the execution of a will is on the proponent. Whitt v. Forbes, 258 Ala. 580, 64 So.2d 77 (1953); Anderton v. Latham, 342 So.2d 779 (Ala.1977), citing Massey v. Reynolds, 213 Ala. 178, 104 So. 494 (1925). Mrs. Lillie Deerman does not dispute this principle of law. On appeal, the total effect of the entire charge must be reviewed to determine if there is reversible error. Wright v. Rowland, 406 So.2d 830 (Ala.1981); Price v. Jacobs, 387 So.2d 172 (Ala.1980). We find no such error, and believe that the pertinent jury instructions correctly placed the burden of showing that the execution of the will was performed as prescribed by the statutes on the proponent. Anderton v. Latham. The paragraph complained of by the contestant was preceded by the instruction that the proponent had the burden of proving due execution, before it would be incumbent upon the contestant to prove that the will was not valid.
We find that Judge Jetton’s concluding charge regarding the evidence certainly cured any suggestion of error in the preceding charges. Additionally, a review of the evidence in the case convinces us that there was a validly executed will.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.