WRIGHT, Retired Appellate Judge.
Shelley McCloud appeals from a judgment directing the forfeiture of a 1987 Nissan Maxima automobile.
On December 18,1996, the State filed a complaint against McCloud in the Etowah County Circuit Court, seeking forfeiture of a 1987 Nissan Maxima automobile. Both parties filed summary judgment motions, along with supporting affidavits. The State filed an affidavit from agent Khris Yancey, the arresting officer; a certified copy . of the judgment convicting McCloud, upon a guilty plea, of the unlawful possession of a controlled substance; and a report from the Department of Forensic Sciences, describing and identifying evidence seized from McCloud as marihuana and cocaine. In his affidavit, Yancey stated that he received information that crack cocaine was being sold openly in the parking lot of a night club. He also stated that he observed a black female walk away from a Nissan Maxima and walk over to the driver’s side of an automobile containing three white females. Yancey further stated that the black female held up a plastic baggie with her left hand and showed it to the driver of the other automobile and that as he approached the black female, she threw the “baggie with crack rocks” inside the automobile. The black female, identified as McCloud, was arrested and was transported to the Etowah County Jail. Yancey also stated that a 1987 Nissan Maxima automobile was seized and that seven crack cocaine rocks and marihuana were found in the automobile.
Following a hearing on the summary judgment motions, the trial court entered a judgment, granting the State’s motion for a summary judgment and condemning and forfeiting the 1987 Nissan Maxima automobile. McCloud filed a post-judgment motion, which the trial court denied.
McCloud appeals, contending that the trial court erred in granting the State’s summary judgment motion because agent Yancey’s affidavit failed to comply with Rule 56, Ala. R. Civ. P., and that she was denied a speedy trial and due process.
*232 A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. Greensprings Storage, 678 So.2d 1187 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
In a § 20-2-93, Ala.Code Í975, forfeiture proceeding, the State may establish a prima facie case by showing that the item to be forfeited was used, or was intended to be used, in violation of the Alabama Uniform Controlled Substances Act. Culpepper v. State, 587 So.2d 359 (Ala.Civ.App.1991). The standard of that proof is reasonable satisfaction. Agee v. State ex rel. Galanos,, 627 So.2d 960 (Ala.Civ.App.1993). Once the State establishes a prima facie case, an owner or lienholder of the seized property may prevail if he or she proves that the act was committed without his or her knowledge and that he or she could not have obtained that knowledge by the exercise of reasonable diligence to have prevented the illegal use. Culpepper; § 20-2-93(h), Code 1975.
McCloud argues that Yancey’s affidavit was not based on personal knowledge and that, therefore, the trial court erred in entering a judgment in favor of the State.
Rule 56(e), Ala. R. Civ. P., requires supporting and opposing affidavits to be made on personal knowledge and to set forth facts admissible in evidence. Agent Yancey set forth the facts that he observed the actions that he took. He identified McCloud and the items found in her automobile. Therefore, we conclude that Yancey’s affidavit was based upon personal knowledge. See Aubrey v. Blue Cross and Blue Shield of Alabama, 481 So.2d 345 (Ala.1985); MJM, Inc. v. Casualty Indemnity Exchange, 481 So.2d 1136 (Ala.1985); Henderson v. Hanson, 414 So.2d 971 (Ala. Civ.App.1982); and Champ Lyons, Alabama Rules of Civil Procedure Annotated § 56.8 (3d ed.1996).
McCloud also argues that Yancey’s affidavit was improper because, she says, the notary public did not impress her seal of office on the affidavit.
There is no Alabama statute requiring an Alabama notary public to take an affidavit under seal. Our supreme court has held that the name of the notary public must be disclosed in the body of the recitals of the affidavit or by his or her signature. Ex parte Finance America Corp., 507 So.2d 458 (Ala.1987); Sellers v. State, 162 Ala. 35, 50 So. 340 (1909). Yancey’s affidavit contains the signature of the attesting notary public.
After carefully reviewing the record, we conclude that Yancey’s affidavit complied with the requirements of Rule 56(e), that the State established that there were no genuine issues of material fact, and that the State was entitled to a judgment as a matter of law.
With regard to McCloud’s second issue, McCloud failed to raise this issue or contention before the trial court. “Our review is limited to the issues that were before the trial court—an issue raised on appeal must have first been presented to and ruled on by the trial court.” Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala.1992) (citation omitted). Therefore, we will not address McCloud’s second contention.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.