I am not prepared to hold that an affidavit given in an attempt to make a will self-proving need not bear the notarial seal, and believe further that this court need not reach this issue.
Unlike the documents at issue in the cases relied upon by the majority (McCloud v. State, 715 So.2d 230 (Ala.Civ.App. 1998) (an affidavit submitted in support of a motion for summary judgment); and Harrison v.Simons, 55 Ala. 510 (1876) (a certificate attached to a deed)), the affidavit in a self-proving will is subject to a statutory requirement that it be "evidenced by [a] certificate, under official seal." §43-8-132, Ala. Code 1975. (Emphasis added.) As this court has held, "[t]he words in a statute must be given their plain, ordinary, and commonly understood meanings." Edmonds v. Bessemer Bd. of Educ.,736 So.2d 646, 648 (Ala.Civ.App. 1999). "Where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect." Rucker v. Morgan, 702 So.2d 452, 454 (Ala.Civ.App. 1996) (reaffirming that a will must be executed according to statutorily prescribed formalities; quoting Ex parte Holladay, 466 So.2d 956, 960
(Ala. 1985)), rev'd on other grounds, 702 So.2d 456 (Ala. 1997).
In addition, Alabama's self-proving will statute is an innovation on the common law. That is, § 43-8-132 provides an alternative to the general mode of proving a will, as set out in § 43-8-167, Ala. Code 1975,[1] which is nothing more than a legislative declaration of the common law. See Whitt v. Forbes, 258 Ala. 580, 64 So.2d 77 (1953), andWoodruff v. Hundley, 127 Ala. 640, 29 So. 98 (1900); see also commentary to § 43-8-132, Ala. Code 1975 (stating that "it is fair to conclude that Alabama did not have prior to this act the self-proving mechanism which is provided by this *Page 1138 
section"). Because § 43-8-132 is an innovation on the common law, it should be strictly construed. See Pappasv. City of Eufaula, 282 Ala. 242, 244, 210 So.2d 802, 804 (1968). Therefore, because of the absence of a notary's official seal from the face of the will offered by the proponents, I disagree with the majority's conclusion that that will was self-proving under § 43-8-132.
Nonetheless, I concur in the result reached by the majority. Although the decedent's will does not meet the requirements for a self-proving will under § 43-8-132, I conclude that the issue of the validity of the will's execution should not have been submitted to the jury in light of other evidence before the trial court.
The proponent of a contested will has the burden of making a prima facie showing that the will was validly executed by offering testimony evidencing the execution of the will by the testator and the attestation of the will by the witnesses, as prescribed by Alabama law. Burns v.Marshall, 767 So.2d 347, 351 (Ala. 2000) (citing Anderton v. Latham,342 So.2d 779, 780 (Ala. 1977)). Section 43-8-131, Ala. Code 1975, which provides the formalities for the execution of a will, requires:
 "Except as provided within section 43-8-135, every will shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgement of the signature or of the will."
A contested will must be proved by both attesting witnesses; if a witness is unavailable, and the proponent accounts for the absence of that witness, secondary evidence of the witness's attestation may be admitted. Ferrell v. Minnifield, 275 Ala. 388, 391, 155 So.2d 345, 347
(1963) (citing Barnett v. Freeman, 197 Ala. 142, 72 So. 395 (1916)); seealso Culver v. King, 362 So.2d 221, 222 (Ala. 1978) (citing Ferrell,supra).
The record indicates the following facts regarding the execution of the decedent's 1997 will: The attorney who drafted the will testified that he had observed the signing of the document by the decedent and two witnesses. The attorney further testified that the decedent had signed the will in the presence of the witnesses. At the trial of this case, the proponents explained that they had been unable to locate one of the witnesses to the decedent's will.[2] However, the other witness testified that she had signed the 1997 will, as a witness, and that she recognized the signature above hers on the will as that of the missing witness.
Based on the foregoing, I conclude that the proponents presented a prima facie case proving that the will was validly executed. It then became the duty of the contestants to offer evidence showing that the will was not validly executed or that the will should not be probated for some other reason. See Burns, *Page 1139 
767 So.2d at 351; see also Anderton, 342 So.2d at 780. Because the record indicates that the contestants proffered no evidence refuting the proponents' prima facie showing, I agree with the majority that the trial court erred in submitting the issue of the validity of the will's execution to the jury.
THOMPSON, J., concurs.
[1] Section 43-8-167(a) provides, in pertinent part:
 "Wills offered for probate . . . must be proved by one or more of the subscribing witnesses, or if they be dead, insane or out of the state or have become incompetent since the attestation, then by the proof of the handwriting of the testator, and that of at least one of the witnesses to the will. Where no contest is filed, the testimony of only one attesting witness is sufficient."
Although this Code section did not take effect until January 1, 1983 (see § 43-8-8(a), Ala. Code 1975), this section mirrors preexisting law. See § 43-1-44, Ala. Code 1975 (repealed); and Ala. Code 1940, tit. 61, § 39.
[2] When the decedent's 1997 will was executed, the witness in question shared a law practice with the attorney who had drafted that will. The record indicates that the proponents had searched for the witness, placing a notice in the Alabama Lawyer, a publication of the Alabama State Bar. At the beginning of the trial of this matter, the court took "judicial notice" that such a notice had been published in the AlabamaLawyer approximately two or three months before the trial. Subsequently, the attorney for the proponents asked the court to "take judicial notice of the unavailability of [the missing witness]," and the court replied, "I think we have got that on the record." The attorney for the proponents also stated on the record that as far as she knew, the missing witness was not in the State of Alabama.