89 So.2d 167

Jim Albert STAPLES

v.

R. A. HARRIS et al.

8 Div. 852.

Supreme Court of Alabama.

July 26, 1956.

H. O. Weeks, Scottsboro, for appellant.

Scott, Dawson & McGinty, Scottsboro, for appellees.

SIMPSON, Justice.

Appellant filed in the Circuit Court of Jackson County, equity side, a bill of complaint praying that the court declare the will of J. P. Harris, deceased, which had been previously admitted to probate in the Probate Court of Jackson County, to be invalid, and that the decree of the probate court be set aside.

Appellant was one of the next of kin of deceased and did not contest the will in the probate court. The instant proceeding is authorized by § 64, Title 61, Code of Alabama 1940.

By agreement of the parties the cause was submitted to the circuit court on pleadings and proof made in the prior probate proceedings.

The circuit court rendered its final decree upholding the validity of the will as against the grounds of the contest assigned. From that decree this appeal was taken.

The statute requires that the will must be (1) in writing, (2) signed by the testa-

tor, (3) at least two witnesses must subscribe their names thereto in the presence of the testator, and (4) each of these subscribing witnesses must attest the signing of the instrument by the testator. § 24, Title 61, Code of Alabama 1940.

The appellant admits that requirements (1) and (3) were met, i. e., that the purported will was in writing and that two witnesses subscribed their names to the will in the presence of the testator. But he contends that the court was in error in holding that requirements (2) and (4) of the statute were met, i. e., that the will was signed by the testator and that it was properly attested.

■ With respect to requirement two there was uncontradicted testimony, which the court evidently believed, by R. A. Harris, brother of the deceased, that he was present in the room all of the time during the signing of the will and that he saw the testator sign the will first and then ask the two attesting witnesses to "witness my will," which they did. This witness also testified that he was familiar with his brother's handwriting and that the writing on the instrument offered for probate, all except the signatures of the attesting witnesses, was that of his brother, J. P. Harris.

■ It is well settled that the signature of the maker of a will may be proven by facts and circumstances other than the testimony of the subscribing witnesses. Stuck v. Howard, 213 Ala. 184, 104 So. 500; Ritchey v. Jones, 210 Ala. 204, 97 So. 736; Allen v. Scruggs, 190 Ala. 654, 67 So. 301; Woodroof v. Hundley, 133 Ala. 395, 32 So. 570; Massey v. Reynolds, 213 Ala. 178, 104 So. 494; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831.

It is clear, therefore, that the testimony was sufficient to show that the testator did in fact sign the will.

Appellant's main contention is that requirement (4) was not met, i. e., that the will was not attested in the manner required by the cases construing the statute.

The two attesting witnesses, W. E. James and William G. Latham were called and both testified to essentially the same facts. Their testimony was that they were called to the home of J. P. Harris, deceased, on December 24, 1951, at the direction of Mr. Harris, and were told by him that he wanted them to "witness his will." He produced a paper and asked them to sign their names as witnesses, which they did. Neither of the witnesses remembers seeing the testator sign and neither of the witnesses was able to read the contents of the paper because of the way in which it was folded, and neither is able to say that he saw the testator's name signed to the will at any time that they were present.

■ Appellant contends that "In order for each of these witnesses to attest the signing of this will by the testator, each must see the testator sign his name on it, or each must see the testator's name on it, and have his acknowledgment that he signed it before or at the time the witnesses subscribed their names to it." Stuck v. Howard, supra, 213 Ala. at page 188, 104 So. at page 503. This rule is a true statement of the law and is set out in several other of our cases.

■ But said witness, R. A. Harris, referred to above, testified that the testator did sign the will in the presence of and prior to the signing by the attesting witnesses, and that the testator told the witnesses that if anything came up about the will, all that was necessary for them to do was just to say "that they witnessed his signature." When the evidence shows that the testator signed the will in the presence of the subscribing witnesses and the witnesses subscribe in testator's presence, no acknowledgment by the testator of his signature is necessary to the will's valid execution. Towles v. Pettus, 244 Ala. 192, 12 So.2d 357.

■ When an acknowledgment is required, no particular form of words of the testator is necessary in his acknowledging

to the subscribing witnesses that the name on the instrument is his signature and it may appear to them and be proved by his words, or by his acts, or by circumstances, or it may appear to them and be proved by a combination of all three,—his words, his acts and surrounding circumstances. Plemons v. Tarpey, 262 Ala. 209, 78 So.2d 385; Massey v. Reynolds, 213 Ala. 178, 104 So. 494.

If, from forgetfulness, the subscribing witnesses should fail to prove the formal execution of the will, other evidence is admissible to supply the deficiency. Stuck v. Howard, supra; Massey v. Reynolds, supra. And even if the subscribing witnesses all swear that the will was not duly executed, they may be contradicted, and the will supported by other witnesses or by circumstances. Barnewall v. Murrell, supra.

We make this one further observation. When a person writes his name as a witness to a will at the request of the testator and in his presence, under the word "witness" or other equivalent phrase, as here shown, he impliedly certifies thereby that he saw the testator sign his name to the instrument, or that he saw the name of the testator on it and the testator acknowledged that it was his signature. It will be competent for him to testify to the contrary, but the evidence should be considered with great caution and suspicion. On account of the evidence contradicting his written testimony, it reflects upon the witness' credibility, and is contrary to the confidence placed in him by the testator. Massey v. Reynolds, supra; Stuck v. Howard, supra.

It results as our conclusion that there was evidence from which the court could reasonably infer and conclude that each of the subscribing witnesses attested the signing of the instrument by the testator, which shows a compliance with the fourth requirement of the statute.

We find no error in the ruling below.

Affirmed.

LIVINGSTON, C. J., and MERRILL and SPANN, JJ., concur.